United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 25, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-30711
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

KENDALL PHILLIPS,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-279-ALL-S
-------------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Kendall Phillips pleaded guilty to one charge of distribution of less than five grams of crack

cocaine and one charge of distribution of more than five but less than 50 grams of crack cocaine. The

district court sentenced him to 78 months in prison and a four-year term of supervised release.

Phillips now appeals the judgment of the district court. He argues that the district court erred in

basing his sentence in part upon crack cocaine that was found inside of the apartment where he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arrested. He contends that the district court failed to make findings concerning the scope of the criminal venture that he allegedly entered. He further argues that the record does not support a finding that he entered into a criminal venture that included the crack cocaine that agents found in the apartment.

This court reviews a district court's interpretation of the guidelines de novo and its factual findings for clear error. See United States v. Sharpe, 193 F.3d 852, 873 (5th Cir. 1999). When a sentencing court is considering liability for relevant conduct vis-a-vis a joint criminal venture, "the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake." U.S.S.G. § 1B1.3 comment. (n.2).

Phillips' argument to this court has merit. Phillips is correct insofar as he argues that the district court did not make specific findings concerning the scope of any criminal venture he may have joined. Moreover, the record does not support a conclusion that Phillips agreed to take part in any joint criminal venture. A fortiorai, the record likewise does not support a conclusion that Phillips agreed to a joint venture involving the crack cocaine that was found in the apartment. The indictment, the factual basis offered in support of the plea, and the presentence report simply do not show that Phillips entered into any criminal venture with others. Rather, these documents show only that Phillips conducted two transactions with a confidential informant.

The record does reflect that there are several other criminal cases that are related to the instant case. The record does not, however, provide details as to these cases. It is thus impossible to determine what, if any, relationship those cases and the defendants concerned therein have to the instant case and Phillips. Consequently, the record does not support the district court's conclusion that Phillips entered into a joint criminal venture that encompassed the crack cocaine that agents

found at his apartment when he was arrested. The record thus does not support the district court's decisions to hold Phillips liable for this crack cocaine and to use this crack cocaine in calculating Phillips' sentence. Accordingly, Phillips' sentence is VACATED, and this case is REMANDED to the district court for resentencing.